UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARTHA MCDANIEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:06CV1277 CDP |
| ) | |
| AUSTEN-DOOLEY COMPANY, ) | |
| ) | |
| Defendant. ) | |

# **MEMORANDUM AND ORDER**

*Pro se* plaintiff Martha McDaniel brought this employment discrimination case against her former employer Austen-Dooley Company, under Title VII of the Civil Rights Act of 1964. Austen-Dooley seeks dismissal for failure to state a claim. McDaniel has failed to respond to either the motion to dismiss or the Court's show cause order of March 2, 2007. Because McDaniel's complaint and the bare allegations she made at the rule 16 conference fail to allege sufficient facts to support a claim under Title VII, I will grant defendant's motion.

After receiving a right to sue letter from the Equal Employment Opportunity Commission, McDaniel filed her complaint where she complains of the termination of her employment, failure to promote, retaliation, harassment, and false accusations by her former supervisor. McDaniel does not allege discrimination based race, religion, national origin, color, gender, disability, or age

in her complaint. Instead, she states that she was discriminated against because she was "Program Manager before the new company [Austen-Dooley] took over and Melissa wanted to bring her own crew in the facility." The only facts McDaniel provides in her complaint concern Austen-Dooley taking over the HabCare facility where McDaniel was employed, Austen-Dooley firing some prior-HabCare employees, a supervisor named Melissa falsely accusing McDaniel of yelling at her, and McDaniel's termination soon after the false accusation. In the rule 16 scheduling conference held on December 7, 2006, McDaniel alleged discrimination based on sex, race, and color. However McDaniel has not amended her complaint or responded to the defendant's motion to dismiss with any facts that would support these additional allegations.

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Rule 12(b)(6), Fed. R. Civ. P. The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim entitling it to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Young v. City of St. Charles, Mo., 244 F.3d 623, 627 (8th Cir. 2001). When considering a motion pursuant to Rule 12(b)(6), the court must assume the factual allegations of a complaint are true

and must construe those allegations in favor of the plaintiff.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 326 (1989).

Assuming the factual allegations of the complaint are true, McDaniel has failed to allege sufficient facts to support a claim of discrimination.  There are no facts supporting discrimination based on race, sex, or color, and McDaniel fails to state any allegation of Title VII protected activity that would support a retaliation claim.  Construing the complaint in a light most favorable to McDaniel, I find that dismissal is appropriate under Rule 12(b)(6).

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [#16] is GRANTED.

A separate Order of Dismissal is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 16th day of March, 2007.